**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JRS/ALK/NEM/KRA
F. #2020R00146

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 30, 2025

<u>By ECF</u>

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Saracay Lopez, et al.</u>
               <u>Criminal Docket No. 20-228 (S-3) (LDH)</u>

Dear Judge DeArcy Hall:

      The government respectfully submits this letter in advance of the status conferences currently scheduled for June 3 and 4, 2025, to provide the Court with a status update for this case.

      I.    <u>Plea Updates</u>

      At this time, one defendant, Jose Mejia Hernandez, is scheduled to plead guilty on June 10, 2025. Assuming that plea goes forward, ten defendants will remain in the case, five of whom are scheduled for trial in October 2025, three of whom are scheduled for trial in January 2026, and two of whom do not yet have a scheduled trial date. The government is in active negotiations with several defendants and remains open to discussions with other defendants.

      II.    <u>Discovery</u>

      The government is continuing to investigate this case and to produce materials as they become available and is continuously reviewing its files and law enforcement's files to identify and produce material as appropriate. To that end, the government anticipates making a small cleanup production this coming week, largely consisting of recently received materials (such as recent lab results) and identification of additional relevant conversations from previously produced cellphone extractions.

      The government is in possession of several extractions from phones seized from individuals other than the defendants that the government does not consider to be Rule 16 material but that may contain <u>Giglio</u> or other impeachment material. The government anticipates

producing these materials in the coming weeks to ensure the defendants have sufficient time to review those materials prior to the October 2025 trial.

      III.    <u>Trials and Trial Groups</u>

At present, the Court has set a trial group for a six to eight week trial beginning on October 14, 2025, which will consist of the below five defendants:

- Edenilson Velasquez Larin
- Hugo Diaz Amaya
- Jose Espinoza Sanchez
- Jose Guevara Aguilar
- Jose Arevalo Iraheta

The Court has also set a trial group for a six week trial beginning on January 26, 2026, which will consist of the below three defendants (assuming Mejia Hernandez pleads guilty):

- Carlos Alvarado
- Erick Galdamez Leon
- Erick Zavala Hernandez

Defendant Galdamez Leon has filed a motion requesting a later trial date for him as a result of a trial conflict.  <u>See</u> ECF No. 798.

Two defendants have not yet been scheduled for trial:  Christian Alas Leon and Jose Perez Ovando.  Schedules permitting, either or both of those defendants would logically fit with the January 2026 trial group.

      IV.    <u>Pending and Anticipated Motions</u>

Currently pending before the Court are fully briefed motions (1) by the government for an anonymous and partially sequestered jury for the October 2025 trial; and (2) by defendants Velasquez Larin, Arevalo Iraheta, and Espinoza Sanchez to suppress various evidence.  The government will be prepared to argue any of those motions at the upcoming conference.  To the extent the Court finds that evidentiary hearings are necessary to resolve any of those motions, the government will also be prepared to discuss scheduling for those hearings.

Also before the Court is a request by the government and the January 2026 trial defendants for the Court to set a motion schedule as to that trial.  The parties' various positions are set forth in the government's letter dated March 24, 2025.  <u>See</u> ECF No. 803.

Motions in limine as to the October 2025 trial defendants are due on June 27, 2025 and will be fully briefed by July 25, 2025.

V. The Exclusion of Time

As to defendants Velasquez Larin, Arevalo Iraheta, Espinoza Sanchez, and Guevara Aguilar, time is excluded through October 20, 2025.  See Feb. 12, 2025 Status Conf. Tr. 23.[1]  In light of the scheduled trial dates, the government respectfully submits that the Court should exclude time under the Speedy Trial Act as to all defendants through January 26, 2026.  The government submits that the ends of justice served by such an exclusion outweigh the best interest of the public and the defendants in a speedy trial because such an exclusion will give the defendants time to review voluminous discovery, prepare potential motions and prepare for trial, as well as to engage in plea negotiations.  See 18 U.S.C. § 3161(h)(7).

\* \* \*

The government thanks the Court for its attention to this matter.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/
Jonathan Siegel
Anna L. Karamigios
Nadia E. Moore
Kamil R. Ammari
Assistant U.S. Attorneys
(718) 254-7000

cc:  Clerk of Court (LDH) (via ECF)
     Counsel of Record (via ECF)

---

[1] The docket entry for that conference incorrectly states that time was excluded only through June 3, 2025.